UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SANCHEZ MARTIN,                )
                               )
        Plaintiff,             )
                               )    CAUSE NO. 3:17-CV-820 RLM
    vs.                        )
                               )
LINDSAY BRYAN, *et. al.*,      )
                               )
        Defendants.            )

OPINION AND ORDER

Sanchez Martin, a prisoner representing himself, filed a vague complaint against two defendants at the Westville Correctional Facility. The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under §1915A as when addressing a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something

1

has happened to her that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original). Nevertheless, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Martin alleges that on October 5, 2017, he was "sexually touched" by Officer Lindsay Bryan while in the shower. This is a legal conclusion, not a factual allegation. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they aren't sufficient to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009). "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (quotation marks omitted). Mr. Martin doesn't provide any description of this event other than to say that he was "sexually touched." Mr. Martin doesn't even say what part of his body was touched. The court has no information about where, how, or why Officer Bryan touched him.

Mr. Martin also alleges that Officer Bryan used excessive force when he punched him in the shower area. This claim, too, lacks sufficient detail to determine whether the complaint plausibly states a claim. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith

effort to maintain or restore discipline, but maliciously and sadistically to cause harm." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. Id.

The gaps in Mr. Martin's account leave the court unable to weigh those factors. It appears that Mr. Martins intends to bring suit because he was injured by the officer's actions. Merely being injured by a state actor isn't enough for a claim for excessive force. Id. It appears that Mr. Martin hit Officer Bryan first. ECF 2 at 4. Nevertheless, Mr. Martin doesn't explain enough detail of what transpired between him and this officer that led to his use of force. He doesn't allege facts that would go to whether the use of force was legitimate or whether there was a need for their application of force. Nor does he describe the extent of his injures. Without more information about the circumstances surrounding this interaction, the court can't determine whether he states a plausible excessive force claim.

When a complaint is vague, confusing, or lacking in necessary detail, the court is "within its rights" to dismiss the complaint with leave to replead. Loubser v. Thacker, 440 F.3d 439, 443 (7th Cir. 2006). Accordingly, the court will strike the complaint and give Mr. Martin a chance to file an amended complaint. If he decides to file an amended complaint, he should get a blank copy of this court's complaint form from the law library and write the cause number for this case in

the caption on the first page. Merely have permission to file an amended complaint isn't a reason for Mr. Martin to do so. Mr. Martin should only file an amended complaint if he believes that he can address the deficiencies noted in this order and provide a factual basis in the body of his complaint for his claims.

For these reasons, the court:

    (1) STRIKES the amended complaint (ECF 2); and

    (2) GRANTS Sanchez Martin to and including December 11, 2017, to file an amended complaint.

If Mr. Martin doesn't respond by December 11, this case will be dismissed without further notice.

SO ORDERED.

ENTERED: November 13 , 2017

                                          /s/ Robert L. Miller, Jr.
                                          Judge,
                                          United States District Court